## Taggart v. Philadelphia Electrical Mfg. Co. et al.

*Joseph Ominsky*, for claimant.
*George H. Detweiler*, for defendants.

PARRY, J., January 30, 1942. — Appeal from the Workmen's Compensation Board.

The claimant alleged that he sustained an injury by accident on June 13, 1940 about two P.M. but his testimony on the point is singularly inconclusive. At first he gave the date of the accident as June 17th or 18th; he was not sure which. He believed it was Thursday; he thought he first went to work on June 8th; he didn't know what day of the month it was but he got the job on Monday, he believed eight days before the accident or after the accident. Apparently he first gave notice to his employer on June 17th, a Monday, and perhaps because the preceding Thursday was June 13th, the referee has found as a fact that on that day while in the employ of the defendant the claimant was lifting a drum containing old bricks when he felt a sickened feeling in the stomach. Thereafter he found a small lump in his groin and it subsequently was ascertained he was suffering from a small incomplete inguinal hernia.

When the claimant reported the occurrence of June 13th to his foreman on the following Monday, he was sent to the office of his employer's insurance carrier where he made a statement which was reduced to writing in his presence. This he says he had ample opportunity to read; that he did read it and certified in writing that it was correct. As he said that he gave the statement in order to obtain compensation, presumably he stated his case as strongly in his favor as the facts

would permit. This statement however is at variance with his testimony in some particulars.

Now the referee found that as the result of the occurrence of June 13, 1940 the claimant became partially disabled and that his disability still continued. He did not however make any finding of an accident. He refused compensation on the ground that the claimant had not given notice to his employer within the forty-eight hours required by the Act in hernia cases. Upon appeal the Compensation Board thought that the provisions of the law in this regard were met "under the construction prescribed for such limitations by the Act of June 20, 1883, P. L. 136," which sets forth inter alia that when the last day of any such period of time as is prescribed by any law, rule of court, et cetera, shall fall on Sunday or a legal holiday, such day shall be omitted from the computation. The Board however, after reciting an excerpt from the claimant's testimony, held that:

"considering the above testimony and the averments the claimant admitted to be true in his statement to the insurance carrier's adjuster to the effect that nothing fortuitous happened and he did not notice the pain and swelling until the day following the alleged incident, we cannot accept the evidence produced as sufficient proof of the happening of the accident."

It thereupon affirmed the finding of fact, first conclusion of law and order of dismissal of the referee, vacated his second conclusion of law (to the effect that timely notice had not been given) and substituted for it the following:

"Second: We conclude as a matter of law that the claimant did not suffer an accident in the course of his employment within the meaning of the Workmen's Compensation Act of 1915 as amended, and that he is therefore not entitled to compensation."

We think the expressions of the Board are equivalent to a finding that manifestations of the occurrence

were not immediately noticed by the claimant and this being so, no doubt the Board is correct in its conclusion that the burden imposed by law on the claimant was not sustained. We are further of the opinion that the referee was correct in concluding that the notice was not timely. It is found that the occurrence took place at two P.M. on Thursday. The claimant worked the rest of the day, all of the following day but did not return to his work on Saturday nor did he attempt to give any notice other than telephone calls, the first of which he said he made at one P.M. Receiving no answer to these he assumed that his employer's establishment was closed although there is no evidence that it was. He therefore failed to give any notice till Monday. As Saturday is not a legal holiday the case does not come within the provisions of the Act of 1883.

While the findings are not as specific as we deem desirable we think the Compensation Board has reached a tenable conclusion as there is evidence to sustain it.

The claimant contends that there is sufficient evidence to sustain a finding of injury due to accident but we are not required to declare our opinion on this point as the Compensation Board refused so to find. The appeal is dismissed and judgment is entered for the defendant.